IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: David J. Buchanan | : | No. 07-34-SLR |
| Debtor below, Appellant | : | |
| | : | |
| | : | Court Below: The United States |
| | : | Bankruptcy Court for the District of |
| | : | Delaware, C.A. No. 04-12419-JKF |
| | : | Chapter 13. |
| | : | |
| | : | |

**COUNSEL:**

Michael B. Joseph, Esquire, 824 Market Street, P.O. Box 1351, Wilmington, DE 19899-

1351, Phone 302-656-0123.

TRUSTEE.

APPELLANT IS PRO SE.

James B. Tyler, III, Esquire, 211 E. Market Street, P.O. Box 555, Georgetown, DE

19947, 302-856-6397.

Thomas E. Gay, Esquire, 8 West Market Street, Georgetown, DE 19947, 302-856-3561.

ATTORNEYS FOR APPELLEE (No Claims Filed, No entry of appearance on Appeal).

FILED

MAR 2 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

## EMERGENCY MOTION FOR INJUNCTION

**Jurisdictional Statement**

The United States District Court For The District Of Delaware has jurisdiction to hear

this matter pursuant to 28 U.S.C. 158(a)(1) and 28 U.S.C. 158(b)(1), following entry of

the Bankruptcy Court's order Regarding Motion for Sale of Real Estate (Doc. 174). The

United States District Court For The District Of Delaware has jurisdiction pursuant to

Title 28, § 1334 over Bankruptcy cases and proceedings which include appeal of a case

commenced under title 11, and retains exclusive jurisdiction of all of the property,

wherever located, of the debtor as of the commencement of such case, and of property of the estate.

**Now Comes the Debtor below the Appellant,** requesting Emergency relief of State Court Order to EVICT/EXCLUDE Appellant from home and farming business pending appeals in Delaware Supreme Court, as well as Appeal in U.S. District Court District of Delaware, where the Family Court of Sussex County Delaware has denied Appellant's *Motion to Stay Order Pending Appeal,* and in support state, claim, and aver the following:

1. The Appellee Barbara H. Buchanan employed by the United States Air Force, and residing in Washington D.C., well represented by counsel in all courts is requesting relief from the Delaware Family Court in the form of eviction of her ex-husband from his residence and farming business without cause, after <u>failing to avail herself</u> of any remedy to property distribution by stating a claim for which the Courts can divide such property pursuant to Rule 12(b)(6) of civil procedure, has failed to file a claim in the Bankruptcy Court pursuant to Rule 3002(a) and 3002(c)(3), and has failed to file a late claim to property in Bankruptcy Court as directed in court by the Honorable Judge Fitzgerald, on October 21, 2006, and has now returned to the Family Court in an attempt to avail on such issues, in the shadow of a Bankruptcy Appeal before the U.S. District Court.

2. The Subject matter jurisdiction over property distribution has not been reinstated to the Family Court pending Appeal of such matter before the District Court.

3. The U.S. District Court has jurisdiction to provide injunctive relief pursuant to Title 28a Rule 65, and 28a Rule 8, where it is averred that irreversible harm to the Debtor resultant of proceedings, orders, and requests by opposing counsel, in the absence of a

hearing on such matters before any court, where such State Court Order to Evict/Exclude on appeal in Delaware Supreme Court, was <u>issued without a hearing on the merits,</u> was <u>issued without cause</u> at the request of a none availing and/or non-claiming party in proceedings of the Bankruptcy Court below this Appeal, to attempt liquidation of Debtor's property and Estate financially supported solely by Debtor, and not valued or claimed by any other party in any court. *See attached motions and orders.*

4.  Order to Evict/Exclude is on Appeal in Delaware Supreme Court, Appellant's Brief due on April 6, 2007, Case No. 73, 2007.

5.  Failing to stay order to evict/exclude issued without a hearing on the merits, violates Debtor's Constitutional right to property, and due process of law, by taking from Debtor to benefit non-claiming parties, where Ex-wife has failed to value property (as stipulated in Family Court on February 7, 2006) or state a claim pursuant to Rule 12(b)(6) of civil procedure for which the Family Court can divide such property, or the Bankruptcy Court can allow a claim. *See appeal on file.*

6.  Injunctive relief to stay Family Court Order to Evict/Exclude, does not impair any obligation upon Barbara H. Buchanan, or her counsel, and permits time to litigate on the merits in all proceedings, otherwise stated; the benefit to the Debtor outweighs any detriment to the non-claiming Ex-wife and counsel.

7.  Title 28a, Rule 62 (g) allows the Court to provide injunctive relief to preserve the status quo, pending the outcome of an Appeal.

8.  The Family Court Order to Evict/Exclude allows a wrongful party of lawyers only protected from liability in Delaware Superior Court Case No. 06C-01-002-MMJ, by absolute immunity, to prevail in further financial assault against Debtor by enforcing an

order to pay attorney fees noted in Family Court Order, in the absence of any claim filed with the Bankruptcy Court, absence of any relief of stay to pursue such claim for fees in either the Family Court or the Bankruptcy Court, and without filing an appearance in any U.S. District litigation.

9.  Pursuant to Title 28 §2283 the District Court can issue injunctive relief necessary in aid of its jurisdiction, or to protect or effectuate its judgments, where the District Court retains exclusive jurisdiction of all property of the Debtor on Appeal.

WHEREFORE, in the shadow of extensive misconduct by opposing counsel in Family Court proceedings, and the lack of claims filed in the Bankruptcy Court action below the captioned Appeal, the Appellant respectfully requests that the Court provide Injunctive relief of any and all Delaware Family Court Orders pertaining to property, or payment of Attorney fees, pending Appeal on matters of Bankruptcy.

Respectfully submitted by;

Date: March 18, 2007

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956
(302) 875-1362

4

## CERTIFICATE OF SERVICE

I David J. Buchanan, hereby certify that on March 18, 2007, caused true and correct copies of the attached Notice of **EMERGENCY MOTION FOR INJUNCTION**, to be served upon the following people by first class mail.

Clerk of the U.S. District Court          Thomas E. Gay, Esquire
844 North King St., RM 4209               8 West Market Street
Wilmington, DE 19899                      Georgetown, DE 19956


James B. Tyler, III, Esquire
211E. Market Street
Georgetown, DE 19947

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner | ) | File No.:     CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | |
| | ) | CPI No.:     03-00932 |
| v. | ) | |
| | ) | |
| DAVID J. BUCHANAN | ) | |
| | ) | |
| Respondent | ) | |
| *Attorney:   Pro Se* | ) | |

## NOTICE OF MOTION

TO:    The Honorable Judge Henriksen          David J. Buchanan
       Family Court                           34806 Hudson Road
       22 The Circle                          Laurel, DE 19956
       Georgetown, DE 19947

   **PLEASE TAKE NOTICE** that the attached Motion to Evict/Exclude is herewith presented

to the Court, by Petitioner, for consideration.  If you are opposed to this Motion you must file a

written response with the Court within ten (10) days of the service of this Motion.  If no response

is timely filed, the Motion may be decided without further opportunity for you to be heard on the

matter, pursuant to  Family Court Rule 7(b)(2).

                            **STUMPF, VICKERS & SANDY, P.A.**

                                                                      1/22/07

                            _____          _____
                            Thomas E. Gay, Esquire                      Date
                            8 West Market Street
                            Georgetown, DE   19947
                            (302) 856-3561
                            I.D. # 3240
                            Attorney for Respondent

2007 JAN 22  P 3: 13
SUSSEX COUNTY
FAMILY COURT

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner | ) | File No.: | CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | | |
| DAVID J. BUCHANAN | ) | | |
| | ) | | |
| Respondent | ) | | |
| *Attorney:  Pro Se* | ) | | |

## MOTION TO EVICT/EXCLUDE

**NOW COMES** the above-captioned Petitioner/Movant, Barbara H. Buchanan, by and through her undersigned counsel, Thomas E. Gay, Esquire and hereby respectfully requests that the Court issue an Order excluding the Respondent/Movee, David J. Buchanan, from the two parcels of marital real property located in Laurel, Delaware known as the "farm" property consisting of 89.2023 acres and the "marital home" consisting of 26.2 acres, specifically tax parcel numbers 2-31-19.00-46.03 (farm property) and 2-32-9.00-15.06 (marital home) and in support thereof, the Petitioner/Movant alleges and avers as follows.

1.      Pursuant to an Order from the United States Bankruptcy Court, for the District of Delaware, by and through the Honorable Judge Judith K. Fitzgerald, United States Bankruptcy Judge, the Bankruptcy Court directed the parties to "sign a listing agreement in accordance with this Order and must sign any contract, amendment, deed, settlement sheet, affidavit, or other document necessary to settle the said sale." (See Bankruptcy Order of December 1, 2006, attached hereto as Exhibit "A" specifically Subsection 3).

2

2.      Pursuant to Section 4 of the Bankruptcy Order, if either owner fails to sign "any of the above required documents, on 10 days notice, the Clerk of the Family Court shall sign for either party."

3.      Pursuant to Section 5 of the Bankruptcy Order "both owners shall cooperate with the listing, showing, sale and settlement of the real property by Cooper Realty. Debtor shall permit access to the real estate during normal selling hours by Cooper Realty, its agents or co-agents, with or without a prospect to show the property on a 24 hour telephone call notice to David J. Buchanan at 1(302)875-1362."

4.      On December 22, 2006, the Petitioner/Movant, Barbara H. Buchanan, Tommy Cooper, Betty Saunders, and a Delaware State Police Officer, went to the former marital residence located at 34806 Hudson Road, Laurel, Delaware, to review and inspect the former marital home, prior to Mr. Cooper completing the listing agreement. This review is specifically contemplated and allowed pursuant to Section 5 of the aforementioned Bankruptcy Order, whereby Mr. Buchanan is obligated to permit access to the real estate "during normal selling hours by Cooper Realty, its agents or co-agents, with or without a prospect to show the property on a 24 hour telephone call notice to David J. Buchanan at 1(302) 875-1362."

5.      Pursuant to the Final Ancillary Order of April 4, 2006, by and through the Honorable Judge John E. Henriksen, the former marital home property and the farm property "shall immediately be listed for sale with Cooper Realty, under such terms and conditions as Cooper Realty directs for the sale of the property. Both parties shall cooperate in executing any documents necessary for the completion of the listing, as well as the eventual sale and settlement documents."

3

6.      The Final Ancillary Order of April 4, 2006, specifically regarding the sale of the marital real estate has been significantly delayed as a result of the Respondent's litigious conduct, specifically Husband's protracted bankruptcy proceedings which were not resolved, until the Bankruptcy Order of December 1, 2006, (see attached Exhibit "A").

7.      When the Petitioner, and Tommy Cooper, went to the former marital residence on December 22, 2006, the driveway was barricaded with a chain, and a trespassing sign. Upon approaching the house, the Petitioner, Tommy Cooper, Betty Saunders, and the Delaware State Police Officer, all noticed smoke coming from the chimney of the home, and all windows being covered with cardboard. Notwithstanding numerous knocks to the door, no occupant within the residence, would acknowledge their presence, or otherwise allow access to the property.

8.      Pursuant to the Ancillary Order of April 4, 2006, the Court noted on page 4, that there has been a history of husband instructing Wife that neither Wife nor any of her agents, could enter the property. Husband threatened to press criminal charges against any of these people who attempted to enter the property.

9.      The Respondent, David J. Buchanan, has previously threatened, that anyone accessing the property for the purpose of facilitating the sale of same would leave in a pine box. Mr. Buchanan has made numerous other threats regarding the attempts to sell the former marital home or the "farm property."

10.     Pursuant to the Bankruptcy Order of December 1, 2006, the primary mortgage holder "Mortgage Electronic Registration Systems/Washington Mutual" may now proceed forward, with the auction and sale of the former marital home by foreclosure and sheriff's sale, resulting in a

4

significant reduction in net proceeds, possibly interfering with the Petitioner, Barbara H. Buchanan,

receiving the amounts awarded to her pursuant to the Court's Final Ancillary Order of April 4, 2006.

    **WHEREFORE**, the Petitioner/Movant, Barbara H. Buchanan, individually, and by and

through her undersigned counsel, Thomas E. Gay, Esquire, hereby respectfully request that the Court

issue an expedited Order, evicting and excluding the Respondent, David J. Buchanan, from two

parcels of marital real estate located at 34806 Hudson Road, Laurel, Delaware, tax parcel numbers

2-32-9.00-15.06 (marital home and 2-31-19.00-46.03 (farm property).

              **STUMPF, VICKERS, & SANDY, P.A.**

              Thomas E. Gay, Esquire         Date
              8 West Market Street
              Georgetown, DE 19947
              I.D. # 3240
              (302) 856-3561

5

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

BARBARA H. BUCHANAN )
)
    Petitioner )   File No.:    CS94-3107
Attorney: Thomas E. Gay, Esquire )
)   CPI No.:    03-00932
    v. )
)
DAVID J. BUCHANAN )
)
    Respondent )
Attorney:  Pro Se )

**AFFIDAVIT**

STATE OF ___VA___ :
: SS.
COUNTY OF _____ :

BE IT REMEMBERED that on this 22rd day of January, 2007, personally

appeared before me, Barbara H. Buchanan, Petitioner in the foregoing, who, being duly sworn by

me, did depose and say that the facts contained herein are true and correct to the best of her

knowledge, information and belief.

_Barbara Buchanan_
Barbara H. Buchanan

SWORN TO AND SUBSCRIBED before me the day, month, and year aforesaid.

_____
Notary Public

Expires:  10/31/2008

6

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner | ) | File No.: | CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | | |
| DAVID J. BUCHANAN | ) | | |
| | ) | | |
| Respondent | ) | | |
| *Attorney: Pro Se* | ) | | |

## ORDER

**HAVING HEARD AND CONSIDERED** the foregoing Motion to Evict/Exclude;

**IT IS SO ORDERED**, this _____ day of _____ _____, 2007, that the Respondent. David

J. Buchanan, is hereby evicted and excluded from two parcels of marital real estate, the first located

at 34806 Hudson Road, Laurel, Delaware, tax parcel numbers 2-32-9.00-15.06 (marital property and

2-31-19.00-46.03 (farm property).


_____

THE HONORABLE JOHN E. HENRIKSEN

7

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

BARBARA H. BUCHANAN      )
                               )
    Petitioner            )  File No.:   CS94-3107
*Attorney: Thomas E. Gay, Esquire*  )
                               )  CPI No.:   03-00932
     v.                  )
                               )
DAVID J. BUCHANAN      )
                               )
    Respondent       )
*Attorney:  Pro Se*          )

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** that I caused to be mailed on the _____ 23rd _____ day of ___January___,

2007, a true and correct copy of the foregoing Motion to Evict/Exclude, via United States Mail,

postage pre-paid to the following person(s):


David J. Buchanan
34806 Hudson Road
Laurel, DE 19956


_____
Thomas E. Gay, Esquire

8

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In Re:                                    )
DAVID J. BUCHANAN                         )    Chapter 13
                    Debtors               )    Case No.04-12419-JKF
                                          )

## ORDER

The Court, having considered the November 1, 2006 Motion for Sale of Real Estate of ex-wife Barbara H. Buchanan, and after notice and a hearing held on **November 21, 2006,**

**IT IS SO ORDERED this 1ᵗ day of December, 2006** that:

1.  The interests of David J. Buchanan and Barbara H. Buchanan in the real property located near Laurel, Delaware, Sussex County, Tax Parcel Numbers 2-31-19.00-46.03 and 2-32-9.00-15.06 may be sold pursuant to the 4/4/06 Decision and Order of the Delaware Family Court as follows.

2.  The real estate is hereby listed for sale by Cooper Realty, Seaford DE for an 8% commission bur for the price and other terms and conditions that Cooper Realty recommends.

3.  Debtor and Barbara H. Buchanan must sign a listing agreement in accordance with this Order and must sign any contract, amendment, deed, settlement sheet, affidavit, or other document necessary to settle the said sale.

4.  If either owner fails to sign any of the above required documents, on 10 days notice, the Clerk of the Family Court shall sign for either party.

5.  Both owners shall cooperate with the listing, showing, sale and settlement of the real property by Cooper Realty. Debtor shall permit access to the real estate during

Exhibit A

normal selling hours by Cooper Realty, its agents or co-agents, with or without a

prospect to show the property on a 24 hour telephone call notice to David J.

Buchanan (302) 875-1362.

6.    If no contract to sell is signed by 2/28/07, movant may, with the advice and

direction of Cooper Realty, select a Delaware licensed auctioneer to sell the real

estate at public auction.

7.    Complete and full relief from stay is granted to the parties so that the Family

Court may take any and all action it deems appropriate to resolve the equitable

distribution action between David J. Buchanan and Barbara H. Buchanan and to

permit execution and distribution on any orders or judgments entered therein.

8.    The relief from stay order previously entered in favor of MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS/WASHINGTON MUTUAL is now

in effect and is no longer stayed.

9.    The bankruptcy case is DISMISSED with PREJUDICE and Debtor is

BARRED from filing any other bankruptcy petition until November 23, 2008 for

the reasons expressed on the record at the hearing on November 21, 2006.


Judge Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

|  |  |  |
|---|---|---|
| | : | File No.  CS94-3107 |
| | : | CPI No.  03-00932 |
| | : | |
| BARBARA H. BUCHANAN, | : | |
| Petitioner: | : | |
| Attorney: Thomas E. Gay, Esquire | : | |
| vs. | : | |
| | : | |
| | : | |
| DAVID J. BUCHANAN, | : | |
| Respondent: | : | |

: 

**ANSWER TO MOTION TO EVICT/EXCLUDE, AND REQUEST FOR ADMISSIONS**

**NOW COME** the above captioned Respondent, David J. Buchanan, individually,

and hereby answers the *Motion to Evict/Exclude*, and requests Petitioner to answer the

*Request for Admission* contained within said answer, and in support for reasons, alleged

and averred as follows:

**Jurisdictional Statement**

The United States District Court for the District of Delaware has jurisdiction to hear this

matter pursuant to 28 U.S.C. 158(a)(1) and 28 U.S.C. 158(b)(1), following the Notice of

Appeal, and Appeal Case No. 1:07-cv-34 SLR, for Bankruptcy Order attached to

Petitioner's *Motion to Evict/Exclude*. Procedures to evict an occupant from property are

addressed by Title 25, § 5704. Commencement of action and notice of complaint, where

the eviction of an occupant of land must be given, pursuant to Title 25, § 5704, and where

the *Motion to Evict/Exclude* attempts to bypass such jurisdiction, as well as judicial

procedure, shows willful intent to violate due process of law.

1

## ANSWER

1. Disagree as written. Bankruptcy Order of December 1, 2006, no longer affords jurisdiction to the Bankruptcy Court, pending an appeal of such matters before the U.S. District Court Case No. 07-34. See attached Notice of Clerical Error.

2. Disagree as written. Bankruptcy Order of December 1, 2006, no longer gives jurisdiction to the Bankruptcy Court, pending an appeal of such matters before the U.S. District Court Case No. 07-34. See attached Notice of Clerical Error.

3. Disagree as written. Bankruptcy Order of December 1, 2006, no longer affords jurisdiction to the Bankruptcy Court, pending an appeal of such matters before the U.S. District Court, Case No. 07-34, and where it is stated that "24 hour telephone call notice to David J. Buchanan" to make entry on the property is required, then Barbara H. Buchanan by Counsels admission stated in #4 of *Motion to Evict/Exclude*, that entry on property by Mr. Cooper, Betty Saunders, Barbara H. Buchanan, and the State Police, when not providing any such 24 hour notice, goes to show willful violation of the Bankruptcy Order dated December 1, 2006, with the intent to harass.

4. Opposed. The presumption that 24 hour notice to David J. Buchanan, and that the December 22, 2006, was normal business hours for Cooper Reality, in the shadow that such date was a Friday on the Christmas holiday, where even Barbara H. Buchanan was on vacation from her employ, shows willful intent to violate a Court Order, with the intent to harass.

5. Denied as written. Delays in Respondent's Bankruptcy are mostly as a result of Ex-wife refusing to file a claim in Family Court pursuant to Rule 12(b)(6), as well as Bankruptcy Court pursuant to Title 11, Rule 3002(c)(2), and show willful intent to

impair procedural due process of law.

6.  Denied.  Respondent's Bankruptcy was delayed by actions from Barbara H.

Buchanan, and her counsel, where she failed to file a claim pursuant to Title 11 3002,

failed to follow Bankruptcy Court direction to file a claim, failed to make timely

request for relief of stay to proceed in Family Court, and persisted in interfering with

any income to the Respondent that was reliant on her performance of signature even

following directive by the presiding Bankruptcy Judge to perform with such

signature, then continued to file documents interfering with the progress of the

Bankruptcy in the absence of any claim, and in the shadow of such delays, caused

delays in Family Court proceedings for which the Bankruptcy Court was awaiting, in

an attempt to expire the time afforded the Respondent's Bankruptcy, identifying acts

of conspiracy between counsel to willfully impair due process of law for personal

gain.  Note: Conspiracy is "a combination of two or more persons to commit a

criminal or unlawful act."  For two or more attorneys from different firms to plan for

litigation which plans to oar, delay, impair, or otherwise protract to expire a litigant's

equal protection of the law, and/or violate due process of law, is an act of conspiracy.

7.  Intent of allegation is denied.  In the light that notice was not provided to David J.

Buchanan by phone, and that a notice of "No Trespassing" was posted on a barrier,

any entry to the property by Tommy Cooper, Betty Saunders, and the State Police,

shows aggravated trespass, and trespass in the shadow of litigation against the State

Police for action of the same, Case No. 06-711, U.S. District Court, District of

Delaware, and gives cause for an order to protection by the Court.

8.  Denied.  Counsel again injects hearsay into his arguments.

9.  Disagree as written. Bankruptcy Order of December 1, 2006, no longer gives

jurisdiction to the Bankruptcy Court, pending an appeal of such matters before the

U.S. District Court Case No. 07-34.  See attached Notice of Clerical Error.

**By further response.**

10. Counsel shows intent to harass respondent by moving the Family Court in matters

Non-jurisdictional to the Family Court, in violation of procedural due process of law.

11. Counsel shows contempt, and intent to harass respondent by moving the Family

Court in matters core to him and his client impairing the performance of mortgage

Contracts, impairing the use of property, impairing the income of Respondent to

support property, and intentionally violating the Respondents freedoms and liberties,

associated with such properties, in the light of Petitioner's/ex-wife's avoidance of

financial disclosure, failure to answer subpoena for financial disclosure, and an

answer of foreclosure action in the Delaware Superior Court.  Note:  Documents

pertaining to attorney billing and payments are not privileged, following an order by

the court to pay such fees, where such fees may have been previously paid by Ex-wife

with sub rosa marital funds.  Marital funds paid to attorneys after Respondent filed

for Bankruptcy, is a willful violation of Bankruptcy Stay 362 by counsel.

12. Actions noted in *Motion to Evict/Exclude,* show that Ex-wife and counsel

continue to conspire with the State Police, to impair on Respondents right to privacy,

violate search laws pursuant to Title 11 § 2301, and to abuse state judicial power to

restrict the occupancy of property by a party with ownership rights to such property,

where Respondent is being denying equal protection of the law.

**REQUEST FOR ADMISSIONS**

13. On September 8, 2003, John Sandy for Thomas E. Gay, Esquire submitted a Rule 16(c) for Barbara H. Buchanan to the Family Court for consideration, so claiming only 3 accounts with financial institutions having a total value of $421.93, and total property value of $299,000 less mortgages of $224,899 and other farm dept of $52,840, leaving the total equity in real estate at $21,267.

14. On September 3, 2004, Thomas E. Gay, Esquire, interfered with the performance of subpoena, by advising his client to not appear in Family Court with financial records.

15. Following the filing of divorce Mr. Gay, received substantial funds from his client, originating from enjoined marital property, accounts on deposit for the minor children, money in lieu of contractual obligation of his client core to these proceedings, marital savings following Respondent's Bankruptcy petition, and money from assets keep *sub rosa* to the Family Court proceedings.

16. During the Family Court proceedings Mr. Gay conspired with Dr. Wilson, III, PhD, to interfere with testimony expected of an expert during a Family Court Proceeding, and impair the family rights of both the minor and the Respondent.

17. During the Family Court proceedings Mr. Gay conspired with his client, the State Police, and Tommy Cooper to harass and gain entry on Mr. Buchanan private property, in violation of Court directives.

18. During the Family Court proceedings Mr. Gay conspired with his client, to cause default of mortgage contracts to which his client had signed and guaranteed payment prior to any divorce action, then used copies of said mortgages, and foreclosures to support motions to list and sell property, acknowledging service of foreclosure on his

5

client, and showing the intent to conspire to impair a contractual obligation.

19. During the Family Court proceedings Mr. Gay conspired with his client to file false and misleading affidavits to the Court pertaining to money borrowed, status of real property (Honda Civic),and accounting of funds following divorce, then made witness subject to financial affidavit absent from hearing after Respondent expected him to testify, where Mr. Gay stated in court, "I do not have to tell you where he is".

20. During the Family Court proceedings Mr. Gay conspired with his client, to have the minor child removed from the father's care without cause.

21. As in other cases before the Family Court Mr. Gay has a history of going beyond the desires of his clients to create a situation of child custody to ensure that his party prevails, and that attorney fees will be maximized, as he has done in a recent case before the Family Court, where the owners of a heating and air conditioning company were subjected to Mr. Gay's unauthorized custody petition being entered to the court for their 16 year old daughter, where the parties were already in agreement as to the custody arrangements of the child, and Mr. Gay's client (father) displayed animosity of the situation.

22. During the Family Court proceedings Mr. Gay conspired with his client to cause legal action against Respondent in other jurisdictions causing arrest, isolation between father and child, interruption of Respondent's health care, loss of family right, impairment of service of subpoena, and other conditions thwarting Respondent in absence of any cause to prevail over Respondent.

23. During the Family Court proceedings Mr. Gay conspired with his wife to obtain respondent's medical records to use in the coarse of litigation with the intent to

6

violate HIPAA, medical privacy, and to cause financial as well as emotional harm to Respondent.

24. On or about September 3, 2004, after receiving notice of Respondents petition for Bankruptcy, Mr. Gay, conspired to mislead a presiding Family Court Judge, with the intent to interfere with subpoena, impair Respondent's right to support, health insurance, and performance of mortgage contracts.

25. Following a conditional relief of Stay from the Bankruptcy Court for the Parties to proceed in Family Court, Mr. Gay, knowingly violated conditions of Stay 362, by continuing litigation with the Family Court to collect attorney fees from the Respondent, and to list and sell said real property. Note: Parties of Family Court proceedings are considered by the Delaware Supreme Court as that of Husband and Wife, and where an attorney attempts to collect from a person in Bankruptcy without requesting relief of stay, so violates 11 U.S.C.S. 362, and where such attorney had not filed a claim pursuant to Title 11, Rule 3002, that attorney is willfully violating the Bankruptcy code, where enforcement of such violation shall be jurisdictional to the U.S. district court as filed in case 06-711.

26. Following a notice of appeal from Bankruptcy order dated December 1, 2006, attached to subject motion, Mr. Gay willfully violated due process of law and the intent of Stay on appeal, by filing a *Motion to Evict/Exclude* with the non-jurisdictional Delaware Family Court.

27. *Motion to Evict/Exclude* identifies the intent of the State Police, Barbara H. Buchanan, and Betty Saunders, to invade the privacy of Respondent by looking through the windows of his house when he is not home, search the property during

7

Respondent's expected holiday absence, and the intent to trespass without notice of property tenant.

28. Thomas E. Gay, Esquire routinely files "Emergency Motions to Stay Contact" without cause, and to interfere with family rights afforded the parties of divorce.

29. Affidavit attached to Motion to Evict/Evade, does not clearly identify the Notary Public, shows transmission by FAX from an Air Force facility (General's Office) Combined with LtGen Brown's appearance at custody proceedings, give cause to recognize the Air Force as an opposing party of all litigation, and/or conspiracy by the Air Force to interfere with Family Court proceedings.

**WHEREFORE,** The above captioned Petitioner, David J. Buchanan, individually, Pro Se, and hereby respectfully requests that the Court dismiss Barbara H. Buchanan's Motion to Evict/Evade, then Order Thomas E. Gay, Esquire to provide a complete copy of accounting of all fees he has received from and charged, the Buchanan's, on behalf of his client Barbara H. Buchanan and/or Heidi N. Buchanan, by disclosing any and all payments, date of payments, and the source of such funds. Order Mr. Gay to provide the source of any information he has received pertaining to Mr. Buchanan's health care, condition, diagnosis, and medical operations, that he has used or referred to in all litigation, and order Ex-wife to provide a signed quit claim deed for all property titled as joint with the respondent for failure to state a claim in all courts.

Date: 1/30/7

DAVID J. BUCHANAN, Petitioner
34806 Hudson Road, Laurel DE  19956
Dated: 01/25/07, (302) 875-1362

8

IN THE FAMILY COURT OF THE STATE OF DELAWARE IN AND
FOR SUSSEX COUNTY

|  |  |
|---|---|
|  | : File No.  CS94-3107 |
|  | : CPI No. 03-00932 |
|  | : |
|  | : |
| DAVID J. BUCHANAN, | : |
|  | : |
| Respondent:  Pro Se | : |
|  | : |
| V, | : |
|  | : |
| BARBARA H. BUCHANAN, | : |
|  | : |
| Petitioner, | : |
|  | : |
| Attorney: Thomas E. Gay, Esquire | : |
|  | :In ref: Motion to Evict/Exclude |

**ORDER**

It is ordered on this, _____ day of January, 2007, upon consideration of David J.

Buchanan's *ANSWER TO MOTION TO EVICT/EXCLUDE, AND REQUEST FOR*

*ADMISSIONS*, and upon finding that, equities in real property at the time of divorce

appear to be Equal to mortgage liability, that Mr. Buchanan financially maintains said

properties without the assistance of Barbara H. Buchanan during Bankruptcy, and that

further encumbrance by Barbara H. Buchanan on real property deeded as joint to the

parties financially damages all parties concerned, and that Barbara H. Buchanan has

failed to make claim to properties as required by the Bankruptcy Court pursuant to Title

11, Rule 3002, and in Family Court pursuant to Rule 12(b)(6) of civil procedure to rectify

any Dispute, that a QUIT-CLAIM DEED shall be prepared and signed by the parties,

where David J. Buchanan shall enjoy sole ownership of all marital real estate now deeded

as joint to the parties, where Mr. Buchanan can mortgage and title such properties in his

9

sole name.  It is further Ordered that Thomas E. Gay, Esquire shall show cause as to:

1.  Disclosing any and all payments he has received from his client Barbara H. Buchanan, and/or on behalf of Ms. Buchanan including dates and amounts, all accounts for which his client has accessed funds.

2.  Disclosing any and all accounts/assets for which funds originate that are or where in the control of third parties, including funds originating from accounts belonging to the party's children.

3.  Provide all documents pertaining to financing, funding, causing enrollment of Heidi N. Buchanan in University.

4.  Provide copies of all documents causing a criminal arrest warrant dated October 24, 2006, arrest of Mr. Buchanan, and interference with income of Mr. Buchanan for matters disposed of by the Delaware Family Court at an earlier date.

BY THE COURT:

_____

The  Honorable John E. Henriksen

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:  David J. Buchanan              :        Case No. 04-12419 (JKF)
        Debtor(s)

                                       :        Chapter 13

        Social Security No.
        xxx-xx-7078                    :


## NOTICE OF CLERICAL ERROR

PLEASE TAKE NOTICE THAT the document listed below was entered erroneously by the
Clerk's Office in the above-referenced case . The docket has been corrected to indicate that this
entry was "Entered in Error". **THE HEARING INADVERTENTLY NOTICED FOR
1/23/2007 WILL NOT BE HELD.**

            Title of Document:    Notice of Hearing on Motion to Strike
                                  Motion To Sell Real Estate

        Date on Document: 12/20/2006

        Docket #: 187


Additional comments:  Pursuant to the Court's 12/01/2006 Order (No. 174), this matter was
dismissed with prejudice.  On 12/13/2006, Debtor filed a Notice of Appeal (No.181).  The Court
no longer has jurisdiction in light of the pending appeal.


                                   _____
                                   Betsy Magnuson, Deputy Clerk

                                   _____
                                   Supervisor


Dated: 1/17/2007

# The Family Court of the State of Delaware

In and For ☐ New Castle ☐ Kent ☒ Sussex County

## ANSWER

| Petitioner | v. Respondent | |
|---|---|---|
| Name<br>Barbara H. Buchanan | Name<br>David J. Buchanan | File Number<br>CS94-3167 |
| Street Address | Street Address<br>34806 Hudson Rd | |
| Apt. or P.O. Box Number | Apt. or P.O. Box Number | Petition Number |
| City          State     Zip Code | City          State     Zip Code<br>Laurel          De    19956 | 03-00932 |
| Attorney Name and Phone Number<br>Thomas E Gay Esquire | Attorney Name and Phone Number | |

The respondent hereby answers the numbered paragraphs in the pleading as follows:

See attached answer

SWORN TO AND SUBSCRIBED before

me this date: _____ 1/30/07

_____
Notary Public/Clerk of Court

_____
Respondent/Attorney

A copy of this answer must be sent to the Petitioner, the Petitioner's attorney and any other Respondents. See reverse side for Affidavit of Mailing.

# AFFIDAVIT OF MAILING

I affirm that at true and correct copy of this Answer was placed in the U.S. mail on this date, _January 30 07_ and sent to the Petitioner or the attorney address listed on the petition, being _Thomas E Gay Esquire, 8w Market St Georgetown De 19947_ first class postage pre-paid.

_____

Respondent/Attorney

SWORN TO AND SUBSCRIBED before me on this date, _____ .

_____

Notary Public /Clerk of Court

IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID J. BUCHANAN,                          :    No.
                                            :
        Respondent, Pro Se, Below           :    Court Below: Family Court of the
        Appellant,                          :    State of Delaware, in and for Sussex
                                            :    County File No. CS94-3107,
            v.                              :    Petition No. 03-00932
                                            :
BARBARA H. BUCHANAN,                        :
                                            :
        Petitioner Below,                   :
        Appellee.                           :
Attorney Thomas E. Gay, Esquire             :

### NOTICE OF APPEAL

To:    Thomas E. Gay, Esquire          Delaware Family Court
       8 West Market Street            The Circle
       Georgetown, DE 19947            Georgetown, DE 19947

        PLEASE TAKE NOTICE that David J. Buchanan, Respondent, below-appellant,

does hereby appeal to the Supreme Court of the State of Delaware from the Order, of the

Family Court of the State of Delaware, in and for Sussex County, by Judge John E.

Henriksen, dated February 5, 2007, in File No. CS94 3107, Petition No. 03-00932 in that

court. A copy of the decision sought to be reviewed is attached hereto.

        The name and address of the attorney below for Appellee is Thomas E. Gay,

Esquire, 8 West Market Street, Georgetown Delaware, 19956. The party against whom

the appeal is taken is Barbara H. Buchanan.

        PLEASE TAKE FURTHER NOTICE that Appellant hereby designates the

Family Court Record be forwarded to the Court for review in lieu of a Transcript.

Dated: _Feb 13, 2007_

                                            David J. Buchanan, Appellant
                                            34806 Hudson Road
                                            Laurel, Delaware 19956

1

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner | ) | File No.: | CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | | |
| DAVID J. BUCHANAN | ) | | |
| | ) | | |
| Respondent | ) | | |
| *Attorney: Pro Se* | ) | | |

<u>ORDER</u>

**HAVING HEARD AND CONSIDERED** the foregoing Motion to Evict/Exclude;

**IT IS SO ORDERED**, this _____ day of _Febvury_ 2007, that the Respondent, David

J. Buchanan, is hereby evicted and excluded from two parcels of marital real estate, the first located

at 34806 Hudson Road, Laurel, Delaware, tax parcel numbers 2-32-9.00-15.06 (marital property and

2-31-19.00-46.03 (farm property).

THE HONORABLE JOAN E. HENRIKSEN

CC: Thomas Gay, Esquire
David Buchanan
File

Date Mailed: 2/9/07

7

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| | ) | File No.: | CS94-3107 |
| Petitioner/Movee | ) | | |
| Attorney: Thomas E. Gay, Esquire | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | In Re: | Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | | dated 2/05/07 |
| | ) | | |
| Respondent/Movant | ) | | |
| Attorney:  Pro Se | ) | | |

## NOTICE OF MOTION

TO:    Clerk of the Court                    David J. Buchanan
       Sussex County Family Court            34806 Hudson Rd.
       22 The Circle                         Laurel, DE 19956
       Georgetown, DE 19947

**PLEASE TAKE NOTICE** that the attached Motion is herewith presented to the Court, by Petitioner, for consideration.  If you are opposed to this Motion you must file a written response with the Court within ten (10) days of the service of this Motion.  If no response is timely filed, the Motion may be decided without further opportunity for you to be heard on the matter, pursuant to  Family Court Rule 7(b)(2).

STUMPF, VICKERS & SANDY, P.A.

2/28/07
Date

Thomas E. Gay, Esquire
8 West Market Street
Georgetown, DE  19947
(302) 856-9556
I.D. #3248
Attorney for Petitioner/Movee

SUSSEX COUNTY
FAMILY COURT
2007 FEB 28 P 3:34

RECEIVED

# IN THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner/Movee | ) | File No.: | CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | In Re: | Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | | dated 2/05/07 |
| | ) | | |
| Respondent/Movant | ) | | |
| *Attorney:  Pro Se* | ) | | |

## MOTION TO ACCEPT LATE ANSWER

**NOW COMES**, the above-captioned Petitioner/Movee, Barbara H. Buchanan, by and through her undersigned counsel, Thomas E. Gay, Esquire, and hereby respectfully requests that the Court accept a late "Answer to Motion for Stay of Order Pending Appeal" filed with the Court at the same time as this Motion and in support thereof, the Petitioner, alleges and avers as follows:

1.    The Respondent/Movant, David J. Buchanan filed a "Motion for Stay of Order Pending Appeal" on or about February 13, 2007, yet did not provide an affidavit of service nor did the Respondent provide a clocked in copy of the motion.

2.    In part, as a result of a docketing error by undersigned counsel's office, a potentially inaccurate due date was set forth on undersigned counsel's calendar.  Nevertheless, as a result of the deficiencies set forth within paragraph 1 above, Petitioner's "Answer to Motion to Stay Order Pending Appeal" attached hereto as "Exhibit A" remains not technically due.

2

3.    In the event that the Order of 2/05/07 is "stayed" pending Mr. Buchanan's appeal, the financial institutions holding the secured mortgages may be in a position to force a sheriff's sale of the two properties.

WHEREFORE, the Petitioner/Movee, Barbara, by and through his undersigned counsel, Thomas E. Gay, Esquire, hereby respectfully requests that the Court accept the late filing of an "Answer to Motion to Stay Pending Appeal" (attached hereto as "Exhibit A") and consider said Answer prior to deciding the Respondent's "Motion to Stay Order Pending Appeal".

STUMPF, VICKERS & SANDY, P.A.

_____    2/20/07
Thomas E. Gay, Esquire                Date
8 West Market Street
Georgetown, DE   19947
(302) 856-3561
I.D. # 3240
Attorney for Respondent/Movee

3

## IN THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner/Movee | ) | File No.: | CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | In Re: | Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | | dated 2/05/07 |
| | ) | | |
| Respondent/Movant | ) | | |
| *Attorney:  Pro Se* | ) | | |

## <u>ORDER</u>

**HAVING HEARD AND CONSIDERED** the foregoing Motion to Accept Late Answer,

**IT IS SO ORDERED** this _____ day of _____, 2007 that the Court

accept the Petitioner's " Motion to Accept Late Answer"

<br>

_____

Judge/Commissioner

4

## IN THE FAMILY COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner/Movee | ) | File No.:    CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | |
| | ) | CPI No.:    03-00932 |
| v. | ) | |
| | ) | In Re:    Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | dated 2/05/07 |
| | ) | |
| Respondent/Movant | ) | |
| *Attorney:  Pro Se* | ) | |

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that I caused to be mailed on the _23_ day of February, 2007, a

true and correct copy of the foregoing Motion to Accept Late Answer, via United States Mail,

postage prepaid to the following person(s):


David J. Buchanan
34806 Hudson Rd.
Laurel, DE 19956

_____
Thomas E. Gay, Esquire

5

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner/Movee | ) | File No.: | CS94-3107 |
| | ) | | |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | In Re: | Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | | dated 2/05/07 |
| | ) | | |
| Respondent/Movant | ) | | |
| | ) | | |
| *Attorney:  Pro Se* | ) | | |

## ANSWER TO "MOTION TO STAY ORDER PENDING APPEAL"

**NOW COMES** the above-captioned Petitioner/Movee, Barbara H. Buchanan, by and through

her undersigned counsel, Thomas E. Gay, Esquire and hereby answers and objects to the above-

captioned "Motion to Stay Order Pending Appeal" and in support thereof, the Petitioner/Movee

answers, alleges and avers as follows.

1.    Denied/Opposed.

2.    Denied/Opposed.

3.    Although allegation properly identifies the real estate at issue, the allegation is vague,

and indecipherable and thus the Petitioner/Movee, Barbara H. Buchanan, is unable to respond.

4.    Denied/opposed.   To the best of undersigned counsel's knowledge, information and

belief, the Respondent/Movant, David J. Buchanan, failed to file an appeal from the Court's Final

STATE OF DELAWARE
FAMILY COURT

2007 FEB 28  P 3:34

RECEIVED

*Exhibit A*

Ancillary Order directing that the two properties at issue be sold, thus undersigned counsel is unaware of any "reasonable likelihood of ultimate success on the merits of his [Mr. Buchanan's] claims." For reasons as set forth within this response, denied that Mr. Buchanan will suffer "irreparable injury if the relief sought is not granted." An appeal, from a Family Court Order, is to the Supreme Court of the State of Delaware. To the best of undersigned counsel's knowledge, information and belief, Mr. Buchanan did not file a timely appeal in the Supreme Court of the State of Delaware, from the Court's Final Ancillary Orders, which directed that the two properties at issue be sold, thus divesting Mr. Buchanan of his legal interest therein.

5.      Denied for reasons as set forth within paragraph 4 above.

6.      Denied/opposed. The Petitioner/Movee had no obligation to answer the "Request for Admissions" contained within the Respondent's "Answer to Motion to Evict/Exclude." The paragraphs within Respondent's "Answer to Motion to Evict/Exclude" defined as a "Request for Admissions" were not submitted as an appropriate request for admissions to a party opponent, pursuant to the Family Court Rules of Civil Procedure. The Respondent/Movant, David J. Buchanan, has failed to comply with the Court's Final Ancillary Order, regarding the listing and sale of the marital real property. The Respondent/Movant, has failed to confirm that he will fully cooperate, with the listing and sale of the marital real property, as per the Court's Final Ancillary Order, thus the Court's Order of February 5, 2007, evicting and/or excluding Mr. Buchanan, from the two parcels of marital real property should not be stayed, pending Mr. Buchanan's appeal, filed in the Supreme Court of the State of Delaware on February 13, 2007.

2

**WHEREFORE**, the Petitioner/Movee, Barbara H. Buchanan, by and through her undersigned counsel, Thomas E. Gay, Esquire, hereby respectfully request that the Court deny the Respondent's Motion to "Stay Order Pending Appeal.

STUMPF, VICKERS, & SANDY, P.A.

_____   2/28/07

Thomas E. Gay, Esquire         D a t e
8 West Market Street
Georgetown, DE 19947
I.D. # 3240
(302) 856-3561
Attorney for Petitioner/Movee

3

## IN THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| BARBARA H. BUCHANAN | ) | |
| | ) | |
| Petitioner/Movee | ) | File No.:    CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | |
| | ) | CPI No.:    03-00932 |
| v. | ) | |
| | ) | In Re:    Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | dated 2/05/07 |
| | ) | |
| Respondent/Movant | ) | |
| *Attorney:  Pro Se* | ) | |

## ORDER

**HAVING HEARD AND CONSIDERED** the foregoing, Answer to Motion to Stay Order

Pending Appeal,

**IT IS SO ORDERED** this _____ day of _____, 2007, that the Court deny

the Respondent's Motion to "Stay Order Pending Appeal

_____
Judge/Commissioner

4

IN THE FAMILY COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

BARBARA H. BUCHANAN                    )
                                       )
        Petitioner                     )    File No.:    CS94-3107
*Attorney: Thomas E. Gay, Esquire*     )
                                       )    CPI No.:     03-00932
        v.                             )
                                       )
DAVID J. BUCHANAN                      )
                                       )
        Respondent                     )
*Attorney:  Pro Se*                    )

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** that I caused to be mailed on the _28th_ day of _February_,

2007, a true and correct copy of the foregoing Answer to "Motion to Stay Order Pending Appeal,"

via United States Mail, postage pre-paid to the following person(s):


David J. Buchanan
34806 Hudson Road
Laurel, DE 19956


_____
Thomas E. Gay, Esquire

5

## IN THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| BARBARA H. BUCHANAN | ) | | |
| | ) | | |
| Petitioner/Movee | ) | File No.: | CS94-3107 |
| *Attorney: Thomas E. Gay, Esquire* | ) | | |
| | ) | CPI No.: | 03-00932 |
| v. | ) | | |
| | ) | In Re: | Family Court Order to Evict/Exclude |
| DAVID J. BUCHANAN | ) | | dated 2/05/07 |
| | ) | | |
| Respondent/Movant | ) | | |
| *Attorney:  Pro Se* | ) | | |

## ORDER

**HAVING HEARD AND CONSIDERED** the foregoing Motion to Accept Late Answer,

**IT IS SO ORDERED** this ___13___ day of ___March___, 2007 that the Court

accept the Petitioner's " Motion to Accept Late Answer"

_Judge/Commissioner_

pc: Thomas Gay, Esquire
    David Buchanan
    File

Date Mailed: March 14, 2007

4

## IN THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

BARBARA H. BUCHANAN )
)
    Petitioner/Movee ) File No.:  CS94-3107
*Attorney: Thomas E. Gay, Esquire* )
) CPI No.:  03-00932
    v. )
) In Re:  Family Court Order to Evict/Exclude
DAVID J. BUCHANAN ) dated 2/05/07
)
    Respondent/Movant )
*Attorney:  Pro Se* )

## ORDER

**HAVING HEARD AND CONSIDERED** the foregoing, Answer to Motion to Stay Order

Pending Appeal,

    **IT IS SO ORDERED** this _13_ day of _March_, 2007, that the Court deny

the Respondent's Motion to "Stay Order Pending Appeal

                                  Judge/Commissioner

pc: Thomas Gay,Esquire
    David Buchanan
    File

Date Mailed: March 14, 2007

4



Print Postage Online - Go to www.usps.com/postageonline

$4.05

PLEASE PRESS FIRMLY     PLEASE PRESS FIRMLY     PLEASE PRE

Recycled Paper

**PRIORITY MAIL**
UNITED STATES POSTAL SERVICE

www.usps.com

From: Buchanan
34806 Hudson Rd
Laurel De 19956

To: Clerk of the U.S. District Court
844 North King Street RM 4209
Wilmington De 19899

TRY FREE
CARRIER PICK-UP
usps.com/pickup

We Deliver.

HOW TO USE:

1. COMPLETE ADDRESS AREA
Type or print return address and addresses information in designated area or on label.

2. PAYMENT METHOD
Affix postage or meter strip to area indicated in upper right hand corner.

3. ATTACH LABEL (Optional)
Remove label backing and affix in designated location.

4. Bring your Priority Mail package to a post office. Request it to your letter carrier, or call 1-800-222-1811 for pick up service. Stamped mail may be deposited in a collection box ONLY if it weighs less than 13 ounces.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: David J. Buchanan | :     No. 07-34-SLR |
| Debtor below, Appellant | : |
| | : |
| | :     Court Below: The United States |
| | :     Bankruptcy Court for the District of |
| | :     Delaware, C.A. No. 04-12419-JKF |
| | :     Chapter 13. |
| | : |
| | : |

### COUNSEL:

Michael B. Joseph, Esquire, 824 Market Street, P.O. Box 1351, Wilmington, DE 19899-

1351, Phone 302-656-0123.

TRUSTEE.

APPELLANT IS PRO SE.

```
┌──────────────────────────────┐
│           FILED              │
│                              │
│         MAR 28 2007          │
│                              │
│    U.S. DISTRICT COURT       │
│    DISTRICT OF DELAWARE      │
└──────────────────────────────┘
```

James B. Tyler, III, Esquire, 211 E. Market Street, P.O. Box 555, Georgetown, DE

19947, 302-856-6397.

Thomas E. Gay, Esquire, 8 West Market Street, Georgetown, DE 19947, 302-856-3561.

ATTORNEYS FOR APPELLEE (No Claims Filed, No entry of appearance on Appeal).

### EMERGENCY MOTION FOR INJUNCTION

#### Jurisdictional Statement

The United States District Court For The District Of Delaware has jurisdiction to hear

this matter pursuant to 28 U.S.C. 158(a)(1) and 28 U.S.C. 158(b)(1), following entry of

the Bankruptcy Court's order Regarding Motion for Sale of Real Estate (Doc. 174). The

United States District Court For The District Of Delaware has jurisdiction pursuant to

Title 28, § 1334 over Bankruptcy cases and proceedings which include appeal of a case

commenced under title 11, and retains exclusive jurisdiction of all of the property,

1

wherever located, of the debtor as of the commencement of such case, and of property of the estate.

**Now Comes the Debtor below the Appellant,** requesting Emergency relief of State Court Order to EVICT/EXCLUDE Appellant from home and farming business pending appeals in Delaware Supreme Court, as well as Appeal in U.S. District Court District of Delaware, where the Family Court of Sussex County Delaware has denied Appellant's *Motion to Stay Order Pending Appeal,* and in support state, claim, and aver the following:

1. The Appellee Barbara H. Buchanan employed by the United States Air Force, and residing in Washington D.C., well represented by counsel in all courts is requesting relief from the Delaware Family Court in the form of eviction of her ex-husband from his residence and farming business without cause, after failing to avail herself of any remedy to property distribution by stating a claim for which the Courts can divide such property pursuant to Rule 12(b)(6) of civil procedure, has failed to file a claim in the Bankruptcy Court pursuant to Rule 3002(a) and 3002(c)(3), and has failed to file a late claim to property in Bankruptcy Court as directed in court by the Honorable Judge Fitzgerald, on October 21, 2006, and has now returned to the Family Court in an attempt to avail on such issues, in the shadow of a Bankruptcy Appeal before the U.S. District Court.

2. The Subject matter jurisdiction over property distribution has not been reinstated to the Family Court pending Appeal of such matter before the District Court.

3. The U.S. District Court has jurisdiction to provide injunctive relief pursuant to Title 28a Rule 65, and 28a Rule 8, where it is averred that irreversible harm to the Debtor resultant of proceedings, orders, and requests by opposing counsel, in the absence of a

2

hearing on such matters before any court, where such State Court Order to Evict/Exclude on appeal in Delaware Supreme Court, was issued without a hearing on the merits, was issued without cause at the request of a none availing and/or non-claiming party in proceedings of the Bankruptcy Court below this Appeal, to attempt liquidation of Debtor's property and Estate financially supported solely by Debtor, and not valued or claimed by any other party in any court. *See attached motions and orders.*

4. Order to Evict/Exclude is on Appeal in Delaware Supreme Court, Appellant's Brief due on April 6, 2007, Case No. 73, 2007.

5. Failing to stay order to evict/exclude issued without a hearing on the merits, violates Debtor's Constitutional right to property, and due process of law, by taking from Debtor to benefit non-claiming parties, where Ex-wife has failed to value property (as stipulated in Family Court on February 7, 2006) or state a claim pursuant to Rule 12(b)(6) of civil procedure for which the Family Court can divide such property, or the Bankruptcy Court can allow a claim. *See appeal on file.*

6. Injunctive relief to stay Family Court Order to Evict/Exclude, does not impair any obligation upon Barbara H. Buchanan, or her counsel, and permits time to litigate on the merits in all proceedings, otherwise stated; the benefit to the Debtor outweighs any detriment to the non-claiming Ex-wife and counsel.

7. Title 28a, Rule 62 (g) allows the Court to provide injunctive relief to preserve the status quo, pending the outcome of an Appeal.

8. The Family Court Order to Evict/Exclude allows a wrongful party of lawyers only protected from liability in Delaware Superior Court Case No. 06C-01-002-MMJ, by absolute immunity, to prevail in further financial assault against Debtor by enforcing an

3

order to pay attorney fees noted in Family Court Order, in the absence of any claim filed with the Bankruptcy Court, absence of any relief of stay to pursue such claim for fees in either the Family Court or the Bankruptcy Court, and without filing an appearance in any U.S. District litigation.

9. Pursuant to Title 28 §2283 the District Court can issue injunctive relief necessary in aid of its jurisdiction, or to protect or effectuate its judgments, where the District Court retains exclusive jurisdiction of all property of the Debtor on Appeal.

WHEREFORE, in the shadow of extensive misconduct by opposing counsel in Family Court proceedings, and the lack of claims filed in the Bankruptcy Court action below the captioned Appeal, the Appellant respectfully requests that the Court provide Injunctive relief of any and all Delaware Family Court Orders pertaining to property, or payment of Attorney fees, pending Appeal on matters of Bankruptcy.

Respectfully submitted by;

Date: March 18, 2007

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956
(302) 875-1362

4

## CERTIFICATE OF SERVICE

I David J. Buchanan, hereby certify that on March 18, 2007, caused true and correct copies of the attached Notice of **EMERGENCY MOTION FOR INJUNCTION**, to be served upon the following people by first class mail.

Clerk of the U.S. District Court
844 North King St., RM 4209
Wilmington, DE 19899

Thomas E. Gay, Esquire
8 West Market Street
Georgetown, DE 19956

James B. Tyler, III, Esquire
211E. Market Street
Georgetown, DE 19947

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956
(302) 875-1362

# Affidavit of Appellant

I David J. Buchanan certify that; the documents attached to the this affidavit are
resubmitted to the Court on March 22, 2007, in order to comply with original signature
requirements of Federal Rules of Civil Procedure, for documents previously mailed to the
Court on March 18, 2007.

Date: March 22, 2007

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956
(302) 875-1362

6



Peter T. Dalleo, Clerk of the Court
844 King Street
U.S. Courthouse
Wilmington, DE 19801

1960183519 C012

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956