IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT DELAWARE

| | | |
|---|---|---|
| In Re David J. Buchanan,<br>　　　Debtor | : <br> : <br> : <br> : <br> : | Case No. 04-12419JKF |
| David J. Buchanan,<br>　　　Appellant<br>　　　　v<br>Barbara H. Buchanan,<br>　　　Appellee | : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 07-034-SLR |

**BRIEF IN OPPOSITION TO APPEAL**

　　　　　　　　　　　　　　　　　　　　　　JAMES B. TYLER, III
　　　　　　　　　　　　　　　　　　　　　　DE Bar No. 530
　　　　　　　　　　　　　　　　　　　　　　211 E. Market Street
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 555
　　　　　　　　　　　　　　　　　　　　　　Georgetown, DE  19947
　　　　　　　　　　　　　　　　　　　　　　(302) 856-6397
　　　　　　　　　　　　　　　　　　　　　　Attorney for Appellee,
　　　　　　　　　　　　　　　　　　　　　　Barbara H. Buchanan

Dated:  May 2, 2007

## TABLE OF AUTHORITIES

Bankruptcy Rule 8002                                            6

11 U.S.C. § 1307                                                7

## **NATURE AND STAGE OF THE PROCEEDING**

In Debtor's chapter 13 bankruptcy proceeding, the U.S. Bankruptcy Court announced its decisions at hearings on 11/21/2006, including to dismiss Debtor's proceeding. It entered its Order 12/1/2006.

On 12/13/2006 Debtor filed a Notice of Appeal and purported to appeal the 12/1/2006 Order.

Debtor, Appellant, filed a Brief of Appellant 4/2/2007. This is the opposing brief of the Appellee, Barbara H. Buchanan.

## SUMMARY OF ARGUMENT

1. The appeal was not timely filed.

2. The Order from which the appeal was taken was in accordance with the Bankruptcy Code and well within the discretion of the trial judge sitting in the U.S. Bankruptcy Court.

## Statement of Facts

David J. Buchanan was divorced from Barbara H. Buchanan 8/6/2003. Appellant's Br. At p. 6. At the time of the divorce, property division was reserved. The spouses owned as tenants by the entireties a farm near Laurrel, DE. One parcel on which their house was located, 26.28 acres, was subject to a mortgage in favor of MERS/Washington Mutual. Another 89.2 acres parcel of the farmland was subject to a mortgage to Wilmington Trust Co. Appellee, Barbara H. Buchanan, an enlisted person in the United States Air Force, has lived near the district of Columbia at all times relevant to this appeal.

A year after the divorce, and while the property division was still pending in the Family Court, Appellant on 8/24/2004 filed his chapter 13 bankruptcy petition. Appellee objected to confirmation of Debtor's first Plan 11/8/2004, DE 25. Appellee filed her first Motion to Dismiss the Chapter 13 proceeding 4/14/2005, DE 57.

Debtor straved off mortgagee motions for relief from the automatic stay, but never filed a Plan he could get confirmed in the 2 ¼ years his Chapter 13 was pending. The court afforded him abundant time to obtain counsel, arrange to refinance the farm, or porpose a Plan that could be confirmed.

Appellee obtained an order for relief from the automatic stay in order to permit the completion of the property division proceedings in the Family Court. This Order was

3

entered 5/19/2005. DE 68. On winning the Family Court's property division order of 4/4/2006, Appellee filed it with the Bankruptcy Court 4/18/2006. DE 117. Similarly, on winning a 7/12/2006 Family Court Order – Attorneys Fees and Costs, Appellee filed it with the Bankruptcy Court 8/21/2006. DE 145.

The Court repeatedly explained to Appellant that he had to refinance for enough to pay the mortgage balances and amounts ordered in the Family Court Orders. Appellant could not, or could not accept this result. The Bankruptcy Judge gave the last of several similar analyses and warnings 10/26/2006. "I granted relief from stay specifically so that the state court could address the issues that you and your wife have . . .with respect to who owns what, who's going to get what on the equitable distribution,""there is no violation of the automatic stay. . ." "Mrs. Buchanan is not compelled to file a proof of claim in this case. " Transcript at p. 2. "I've given you, in an effort to try to refinance. . . . I was protecting your right to refinance or to get the best sales price that you could get." Id.

The Court had ordered Appellant to have a Plan confirmed by the September, 2006 hearing calendar. The court extended that deadline to November. 8/22/2006 DE 148 "Debtor must file a motion to refinance by 11/3/06 and . . .put on the hearing calendar for 11/21/2006 at 10:30 AM." No Plan was filed, no motion to approve any refinance was filed. Appellee filed an 11/1/2006 Motion to Sell Property Free and Clear of Liens, DE 162.

The Bankruptcy Judge made her decision 11/21/2006. Appellant's proceeding was dismissed with a bar to refilling for 2 years. Appellee was permitted to implement the

Family Court Order by listing the farm for sale. The Bankruptcy Judge entered the Order 12/1/2006. DE 174. Appellant had run out of time.

## ARGUMENT

### The Appeal was not timely filed

The Court below announced its ruling at a regular motions calendar 11/21/2006. the Court entered its Order 12/1/2006. DE 174.  Bankruptcy Rule 8002 requires that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  That is 12/11/2006 was the last day to file a notice of appeal from the 12/1/2006 Order.  Appellant's notice of appeal was not filed until 12/13/2006. DE 181.  It was not timely.

6

### The Order appealed from was well within the discretion of the Bankruptcy Judge sitting as the trial judge and in accordance with the Bankruptcy Code.

The Court below permitted Appellant to pursue his Chapter 13 petition for 2 ¼ years. The trial court has control of its docket and is well within its authority to dismiss a Chapter 13 proceeding in which the Debtor has not won confirmation of a Plan. 11 U.S.C. § 1307. Infinite patience is not required of a Bankruptcy Judge.

Appellant avails himself of all courts. He made his arguments to the Family Court; he made his arguments to the Bankruptcy Court. The orders entered have been within their jurisdiction and discretion. Appellant attempts to argue on this appeal that he has been denied some civil right "to reorganize under Chapter 13." Appellant's Br. At pp. 16-17. There is no basis for this argument. Appellant was given abundant time, procedural protection, any right under the Bankruptcy Code he invoked, but his proceeding was properly dismissed. His real property is left under the operative Family Court order that requires its sale.

If this court does not dismiss the appeal, it should affirm the 12/1/2006 Order of the Bankruptcy Court.

7

## **CONCLUSION**

For the foregoing reasons the Court should dismiss the Appeal and affirm the Order of the United States Bankruptcy Court.

Date: May 2, 2007

_____
JAMES B. TYLER, III
DE Bar No. 530
211 E. Market Street
P.O. Box 555
Georgetown, DE  19947
(302) 856-6397
Attorney for Appellee, Barbara H. Buchanan

8

CERTIFICATE OF SERVICE

I, James B. Tyler, III, do hereby certify that I caused to be mailed to:

Mr. David J. Buchanan
34806 Hudson Rd.
Laurel, DE 19956

Michael B. Joseph, Chapter 13 Trustee
P.O. Box 1351
Wilmington, DE 19899-1351

true and correct copies of the foregoing BRIEF IN OPPOSITION TO APPEAL and APPENDIX FOR BRIEF IN OPPOSITION TO APPEAL by inserting the said copies into a postage-paid envelope(s) so addressed and depositing said envelope(s) at a United States Postal Service receptacle for the deposit of mail located in Georgetown, Delaware, on this 2nd day of May, 2007.

_____
JAMES B. TYLER, III
DE Bar No. 530
211 E. Market Street
P.O. Box 555
Georgetown, DE 19947
(302) 856-6397
Attorney for Appellee, Barbara H. Buchanan