## ORIGINAL IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: David J. Buchanan<br>Debtor below, Appellant | No. 07-34-SLR<br><br>Court Below: The United States Bankruptcy Court for the District of Delaware, C.A. No. 04-12419-JKF Chapter 13. |



BO scanned

**Notice of Motion to:**

Michael B. Joseph, Esquire, 824 Market Street, P.O. Box 1351, Wilmington, DE 19899-1351, Phone 302-656-0123.

TRUSTEE.

James B. Tyler, III, Esquire, 211 E. Market Street, P.O. Box 555, Georgetown, DE 19947, 302-856-6397.

Thomas E. Gay, Esquire, 8 West Market Street, Georgetown, DE 19947, 302-856-3561.

ATTORNEYS FOR APPELLEE (No Claims Filed, No entry of appearance on Appeal).

### MOTION TO REINSTATE STAY

**Jurisdictional Statement**

The United States District Court For The District Of Delaware has jurisdiction to hear this matter pursuant to 28 U.S.C. 158(a)(1) and 28 U.S.C. 158(b)(1), following entry of the Bankruptcy Court's order Regarding Motion for Sale of Real Estate (Doc. 174). The United States District Court For The District Of Delaware has jurisdiction pursuant to Title 28, § 1334 over Bankruptcy cases and proceedings which include appeal of a case commenced under title 11, and <u>retains exclusive jurisdiction of all of the property,</u> wherever located, of the debtor as of the commencement of such case, and of property of

the estate.

**Now Comes the Debtor below the Appellant,** requesting reinstatement of Bankruptcy Stay 362 pending outcome of Appeal, and in support state, claim, and aver the following:

1. Dismissal of Debtor/Appellant's Bankruptcy has accelerated collection action by none claiming Ex-wife, and her counsel, which includes attempts to evict Debtor from his home and farm land.

2. The Appellee Barbara H. Buchanan employed by the United States Air Force, and residing in Washington D.C., has retained and compensated counsel with undeclared marital funds ($53,000) in violation of Family Court injunction (See Pages 11-12 of Transcripts attached) with the intent to evict Appellant from his home and farm, further impairing performance of Debtor's contractual mortgage obligation, subjecting property to risk of foreclosure action.

3. Dismissal of Debtor/Appellant's Bankruptcy places Debtor's estate at risk of foreclosure action by mortgage holders, where none claiming Ex-wife is impairing Debtor's performance of mortgages, refinancing, deeding, and use of property, by accepting nothing short of a sale of such property in the shadow of not filing a *claim* pursuant to Bankruptcy Rule 3002, or Family Court Rule 12(b)(6), and has failed to determine a value to avail herself as directed by the Family Court which would afford a *trust* to be created.

4. The U.S. District Court has jurisdiction to provide injunctive relief pursuant to Title 28a Rule 65, and 28a Rule 8, where it is averred that irreversible harm to the Debtor below Appellant resultant of proceedings, orders, untimely enforcement of contractual

obligation, shadowed by contractual impairment by opposing counsel, will occur.

5. Appellant should enjoy *Estoppel by Deed* that reinstatement of Stay provides.

WHEREFORE, in the shadow of extensive delays in the underlying Bankruptcy proceedings, as well as Family Court proceedings caused by Appellee, and her Counsel in absence of any claim filed, that testimony recorded on Family Court transcripts identify *Sub rosa* funds otherwise available to pay mortgage obligations avoiding such Bankruptcy, and that jurisdiction over all property of the Appellant remains that of the District Court on Appeal, such reinstatement of Stay prevents further State Court involvement until matters of the Appeal are resolved.

Date: May 1, 2007

Respectfully submitted by;

David J. Buchanan
34806 Hudson Road
Laurel, Delaware 19956
(302) 875-1362

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: David J. Buchanan | : | No. 07-34-SLR |
| Debtor below, Appellant | : | |
| | : | |
| | : | Court Below: The United States |
| | : | Bankruptcy Court for the District of |
| | : | Delaware, C.A. No. 04-12419-JKF |
| :   Chapter 13. | | |

## ORDER

IT IS ORDERED, on this ____ day of ____, 2007, upon consideration of Appellant David J. Buchanan's Motion to Reinstate Stay, and any answer thereto, that Stay provided by Bankruptcy Rule 362, shall be reinstated pending outcome of Appeal before this Court.

_____
The Honorable Sue L. Robinson
United States District Court Judge

4

## CERTIFICATE OF SERVICE

      I David J. Buchanan, hereby certify that on May 1, 2007, caused true and correct copies of the attached **MOTION TO REINSTATE STAY**, proposed Order, and attachments to be served upon the following people by first class mail.

Clerk of the U.S. District Court  
844 North King St., RM 4209  
Wilmington, DE 19899

Thomas E. Gay, Esquire  
8 West Market Street  
Georgetown, DE 19956

James B. Tyler, III, Esquire  
211E. Market Street  
Georgetown, DE 19947

David J. Buchanan  
34806 Hudson Road  
Laurel, Delaware 19956  
(302) 875-1362

5

```
 1  File No. CS94-03107 - November 30, 2004            Page 11
 2
 3     information?
 4          THE COURT: Well, as I indicated, a lot of this --
 5     and I think I made it pretty clear yesterday. What I'm
 6     going to allow -- and I probably had the disclosure --
 7     was information concerning accounts that were the
 8     children's because perhaps there was a custodial misuse
 9     of the accounts. And yet, the testimony that I had
10     from Ms. Buchanan was that you knew about these
11     accounts. In fact, she used them to spend on purposes
12     that benefited you as well. I do see that you should
13     be entitled to see the accounts and where the checks
14     were written on those accounts.
15          MR. BUCHANAN: And where the money has gone
16     because I recall she stated that I directed her to put
17     the child's money into a Certificate of Service --
18     Certificate of Deposit. I don't know if that was done.
19     I don't know where it went.
20          THE COURT: Well, I think it would be appropriate
21     for those particular accounts -- now, the $30,000 as I
22     understand it never went into any account.
23          MS. BUCHANAN: $23,000 of it went into a
24     certificate but then as we needed it I put it into a
25     money certificate.
```

```
1   File No. CS94-03107 - November 30, 2004           Page 12
2
3            THE COURT: And perhaps you can trace that. I --
4       if you can --
5            MS. BUCHANAN: I have asked the bank and they said
6       that they could not.
7            MR. BUCHANAN: There is a rule for care of
8       fiduciary funds that requires a complete record of
9       where all those monies went. And those monies by my
10      understanding were on deposit immediately before and
11      after we got divorced.
12           THE COURT: And I don't know and that's where
13      maybe the bank accounts will show.
14           MR. GAY: Your Honor, my client has complied with
15      the motion to compel. As we discussed yesterday, by
16      personal service on Mr. Buchanan, regular mail,
17      Certified Mail. He did confirm yesterday that he
18      received that. That is to the best of my knowledge
19      complete as to all the documents that my client had,
20      had in her possession or had immediate access to but
21      for, I believe, Heidi's mental health records, her
22      phone number, and her credit card numbers because we
23      did not want that information to fall into Mr. --
24           MR. BUCHANAN: There were no phone records
25      ordered.
```