IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DAVID J. BUCHANAN, | ) | Bk. No. 04-12419(JKF) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | | |
| DAVID J. BUCHANAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-34-SLR |
| | ) | |
| BARBARA BUCHANAN, | ) | |
| | ) | |
| Appellee. | ) | |

**ORDER**

At Wilmington this 6th day of June, 2007, having considered appellant's pending motions;

IT IS ORDERED that:

1. Appellant, David J. Buchanan ("appellant"), filed this appeal of an order dismissing with prejudice his bankruptcy case. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).

2. The motion to quash subpoena (D.I. 6) of movants Thomas E. Gay ("Gay") and the law firm of Stumpf Vickers & Sandy, P.A. ("Stumpf Vickers") is **granted** and appellant's motion to show cause contempt (D.I. 8) is **denied**. Gay and Stumpf Vickers, non-parties to this appeal, were served with a subpoena by appellant seeking "all billing and payment information of any account subject to Barbara H. Buchanan, showing amounts charged, paid, and discounts applied. The address and phone

number of Ronald Irlick (person subject to financial affidavit in family court). A record of any phone call placed to Dr. E. Wilson, III, Ph.D. office, home, cell phone, and/or beach house in the past 5 years." (D.I. 6, ex.) Gay and Stumpf Vickers are defendants in a federal civil rights filed in this court, Buchanan v. Gay, Civ. Action No. 06-711-SLR (D. Del.), filed against them by appellant and he seeks the same discovery in that case. Gay, an attorney, represented Barbara Buchanan ("B. Buchanan"), the former wife of appellant, in State court domestic relations proceedings.

3. The court is hard pressed to see how the information requested in the subpoena is relevant to the appeal at hand. Moreover, when acting in an appellate capacity, this court may not take additional testimony or other evidence. See In re Foust, 52 F.3d 766, 768 (8th Cir. 1995); In re Branding Iron Motel, Inc., 798 F.2d 396, 399 (10th Cir. 1986). Finally, appellant's motion to show cause contempt (D.I. 8) against Gay is not well-taken. Gay was within his rights to file a timely motion to quash the subpoena pursuant to Fed. R. Civ. P. 45. Appellant's motion for a showing of contempt is baseless.

4. Appellant's emergency motion for injunction (D.I. 11) is **denied** and appellant's motion to reinstate stay (D.I. 20) filed May 2, 2007 is also **denied**. Paragraph 7 of the December 1, 2006 bankruptcy court order provides, "[c]omplete and full relief from stay is granted to the parties so that the Family Court may take any and all action it deems appropriate to resolve the equitable distribution action between David J. Buchanan and Barbara H. Buchanan and to permit execution and distribution on any orders or judgments entered therein." In re Buchanan, Case No. 04-12419-JFK

(Bankr. D. Del. Dec. 1, 2006). Appellant appealed the order on December 13, 2006. As noted by the appellant, the bankruptcy court no longer has jurisdiction over this case by reason of appellant's appeal. In re Buchanan, Case No. 04-12419-JFK at D.I. 187.

5. On January 22, 2007, ("B. Buchanan") filed a motion to evict/exclude in the Family Court of the State of Delaware in and for Sussex County ("Family Court") on the basis that appellant did not comply with the requisites of the December 1, 2006 bankruptcy order providing for the sale of marital property. The Family Court granted the motion and entered an order on February 5, 2007 evicting and excluding appellant from two parcels of marital real estate. On February 13, 2007, appellant filed a notice of appeal of the order to evict/exclude with the Delaware Supreme Court. He also moved to stay the order pending appeal, but the motion was denied on March 13, 2007. Appellant seeks emergency injunctive relief of the State court order. He also seeks reinstatement of Bankruptcy Stay 362 pending outcome of this appeal. He argues this court retains exclusive jurisdiction of all property, his former spouse failed to avail herself of any remedy for property distribution, failed to file a claim in bankruptcy court and returned to Family Court in an attempt to prevail on the issues even though appellant filed an appeal of the bankruptcy court's decision. He also argues that dismissal of his bankruptcy case has accelerated collection action by B. Buchanan, including attempts to evict him from his home and farmland. Appellant argues that injunctive relief is appropriate pursuant to Rules 8, 62 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2283, commonly referred to as the Anti-Injunction Act. He asks the court to provide injunctive relief of any and all Family Court orders pertaining to property or payment of attorney fees pending the bankruptcy appeal.

6. The Anti-Injunction Act, 28 U.S.C. § 2283, generally prevents a federal court from enjoining state court proceedings. Section 105(a) of the Bankruptcy Code, however, creates an exception to this general statutory rule by authorizing the issuance of any order necessary or appropriate to carry out its provisions. In re James, 940 F.2d 46 (3d Cir. 1991)(state court judgment at issue was void because it violated the automatic stay and, therefore, subject matter jurisdiction was lacking); 11 U.S.C. § 105(a). A bankruptcy court generally is considered to possess the power to enjoin a pending State action that violates the automatic stay. Id. Here, there was no stay. The December 1, 2006 order provided for complete and full relief from the stay to resolve equitable distribution of the marital property. Therefore, relief pursuant to § 2283 is inappropriate.

7. Additionally, a review of the bankruptcy court docket sheet reveals that appellant did not seek a stay of the December 1, 2006 order pending appeal. The procedure for obtaining a stay pending appeal of a bankruptcy court's decision is governed entirely by Fed. R. Bankr. P. 7062 and 8005, and Fed. R. Civ. P. 62. Bankruptcy Rule 7062 makes Rule 62 of the Federal Rules of Civil Procedure applicable to adversary proceedings in bankruptcy and governs the bankruptcy court's consideration of an appellant's motion for a stay pending appeal. Fed. R. Bankr. P. 7062. Generally, pursuant to Rule 62(a), an order issued by a trial court is subject to an automatic ten day stay to allow the defeated litigant an opportunity to decide whether and how to attack a judgment. Fed. R. Civ. P. 62(a). Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant who is entitled to a ten day automatic stay to extend the stay during the pendency of the appeal upon filing a sufficient supersedeas

bond. Fed. R. Civ. P. 62(a). A motion for a stay of an order or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Fed. R. Bankr. P. 8005. Bankruptcy Rule 8005 further provides that a motion for relief may be made to the district court, but the motion shall show why the relief was not obtained from the bankruptcy judge. Id. As evidenced by the bankruptcy court docket, appellant took no action in bankruptcy court to stay the December 1, 2006 order. Nor has appellant indicated to this court why he did not seek said relief from the bankruptcy judge at the time he filed his appeal.

8. Alternatively, the court finds that appellant has not met his burden to show he is entitled to injunctive relief. In order to grant injunctive relief, plaintiff must show "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Shire U.S. Inc. v. Birr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003). Whether or not a court should grant a preliminary injunction under the four factor test is committed to the sound discretion of the trial court. Id. The moving party has the burden to prove that all elements needed for a preliminary injunction are satisfied. New Jersey Hosp. Ass'n v. Waldman, 73 F.3d 509, 512 (3d Cir. 1995).

9. In seeking injunctive relief, appellant directs his argument towards the actions of his former wife, her failure to file claims in bankruptcy court, misconduct by opposing counsel in Family Court, and the actions of the Family Court. After reviewing the pleadings on hand and the exhibits submitted by appellant, the court finds that appellant has not demonstrated the likelihood of success on the merits inasmuch as the

record indicates that, even though appellant provides numerous reasons for his non-compliance, he nevertheless failed to cooperate in the sale of marital property as ordered by the bankruptcy court. Finally, appellant asks this court to order all-encompassing injunctive relief directed towards any action by the Family Court, action which is precluded by the Anti-Injunction Act.

10. Appellant's motion for extension of time to file his brief (D.I. 14) is **granted**. Appellant filed his brief on April 2, 2007 (D.I. 15) and it is considered timely filed.

_____
UNITED STATES DISTRICT JUDGE