

David J. Buchanan
34806 Hudson Rd.
Laurel, DE 19956

June 21, 2007

Chief Judge Sue L. Robinson
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 31
Wilmington, DE 19801

RE:   Buchanan v. Gay, et all., and Appeal of Bankruptcy Order
      No. 07-34- SLR, 06-711-SLR

Your Honor:

In response to your Orders pertaining to both cases captioned above, I have included a copy of a Family Court Pre- Trial Order. This Family Court Order was issued on September 13, 2004, for the matter of custody for which I petitioned the Family Court on or about November 5, 2002, while my daughter was living with me at the Farm in Delaware, nearly two years prior to the pre trial. If you take notice that the Family Court at this point acknowledges that the child has been kept from contacting me for nearly two years, that I have complied with the prior Court order to complete a psychological evaluation, and that the attorney for the CASA (Kristen Gibbons, Esquire) was present for these proceedings, where Delaware law only allows the Court to isolate a child from a parent for up to 6 months without cause, gives cause to believe that such counsel involved in this proceeding did in fact mislead the Family Court with the intent to prevail, where the attorney for the CASA did not adequately protect the rights of the child or the child's father.

If you would please take notice, in the arguments presented by counsel pertaining to "obtaining permission from the Bankruptcy Court on matters of property". If Your Honor, compares these claims presented to the Family Court with the docket of the Bankruptcy Court, you will notice that there had been no such attempt to gain relief of stay for such matters by the opposing party, where it appears that the first entry by Mr. Tyler is docket #25 *Objection to Confirmation* on November 8, 2004, then docket # 46 for *Relief of Stay*, filed on February 10, 2005 (after the November 29, 2004 custody hearing). I would also like to point out the Family Court's acknowledgement of "arrearages on the mortgages", brought before the Family Court by Barbara H. Buchanan, by and through Thomas E. Gay, Esquire, where it is not noted that Barbara H. Buchanan has an equal contractual obligation to pay such mortgages, and that she has filed a financial report with the Family Court reflecting her Taxable income adequate to support all mortgage obligations pending property division while omitting her military non-taxable housing allowance valued at $2000 per month, where it is

● Page 2                                                                                                June 21, 2007

acknowledged by the Family Court Letter Order, that I was in fact in need of medical attention requiring COBRA coverage.

Where it is noted on page one of the Pre-Trial order that an Emergency Order dated August 25, 2004, consolidated an emergency request seeking extended health coverage, and the Custody proceedings, gave cause to serve subpoena duces tecum for Barbara H. Buchanan to bring financial records requested to the Court.

This Order acknowledges that Counsel for Barbara H. Buchanan, Thomas E. Gay, Esquire, and James B. Tyler, III, Esquire, and Counsel for the CASA Kristen S. Gibbons, Esquire, moved the Family Court in unison to; 1) Impair Federal medical benefits afforded Ex-husband. 2) Interfere with parental, and child family rights.  3)  Interfere with the compliance of a Subpoena.  4)  Knowingly impairing the performance of mortgage contracts and avoiding service of Foreclosure.  5) Misleading the Family Court Judge by arguing that Bankruptcy also stays the Court's action on support, and medical heath insurance, where it is evidenced by Mr. Gay's billing submitted to the Family Court that he in fact reviewed the Bankruptcy and Bankruptcy law prior to attending the September 3, 2004 proceeding.

At the time of this order the party's have been divorce for over a year without a property division hearing, leaving in place mortgage contracts for which both David J. Buchanan and Barbara H. Buchanan were required to pay, where it is noted on several court documents that David J. Buchanan was and is providing the only support to such mortgages. It is very important that Your Honor understand that I have attempted on several occasions to refinance and buy my ex-wife's property interests in a fair equitable exchange, and that all attempts to settle such issues have been avoided by her counsel. Where ex-wife's counsel stipulated on February 7, 2006, that they would provide appraisals to the Court on March 21, 2006, it came as a surprise to me that such lack of claim supported by appraisal was not cause to dismiss ex-wife's claims to property pursuant to F.C.R. 12(b)(6) before Judge Henriksen, where he is noted as prevailing in his own divorce proceedings in recognition of the same rule. It has not been my intent to not comply with an order to sell such properties, where I have presented listing agreements to my wife on or about the day of divorce, for her to acknowledge a value for which I could purchase her interest.  It is also imperative that Your Honor understand the circumstance for which Barbara H. Buchanan, proceeded in obtaining a Family Court Order to evict me from my home and farm, where she without notice attempted to enter the former marital home, with the assistance of the Delaware State Police, while I was on expected Christmas Holiday vacation, in violation of the Bankruptcy order to sell the properties, requiring 24 hours advance notice.  Be it noted that Barbara H. Buchanan has knowledge of all my phone numbers to provide advanced contact to enter any property, and she had failed to give any notice to do so, and has failed to provide any document to list a property, or state a value for which she would accept as payment for her interest. It is my position that I have the right to enjoy my property, without encumbrance from my "none claiming" former spouse, where she has on several occasions been ordered to "claim" her interest in order to enjoy in any distribution.

Where these properties have been acquired years prior, and are core to my farming employment, where acquiring any such land sizable enough to sustain a farming operation in Delaware is nearly imposable at this date, and where Barbara H. Buchanan has failed to avail

● Page 3                                                                                                              June 21, 2007

in any Court by; 1) filing a "claim" for which the Court's could divide an equitable interest, 2) providing support to the properties to maintain an equitable share of property through payment of mortgages, brings me to request the Court enforce a prior Bankruptcy Order/Opinion enclosed in transcripts of Bankruptcy proceedings dated October 21, 2006, before you on appeal stating that Barbara H. Buchanan must file a "claim" to enjoy in any distribution of assets included in the Bankruptcy.

Respectfully,

David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

Cc:   James B. Tyler, III, Esquire
      Linda Carmichael, Esquire
      Joseph Shannon, Esquire
      Martin Weis, Esquire
      James J. Rogers, Esquire
      Thomas Vecchio, Esquire
      Jennifer L. Story, Esquire
      John A. Elzufon, Esquire
      John F. Brady, Esquire
      Family Court Case No. CS94-3107



David J. Buchanan
34806 Hudson Road
Laurel, DE 19956

Chief Judge Sue L. Robinson
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 31
Wilmington, DE 19801