IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| DAVID J. BUCHANAN, | ) Bk. Case No. 04-12419 (JKF) |
| | ) |
| Debtor. | ) |
| | ) |
| DAVID J. BUCHANAN, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civ. No. 07-034-SLR |
| | ) |
| BARBARA BUCHANAN, | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of September, 2007, having reviewed the appeal taken by pro se litigant David J. Buchanan from an order dismissing his case under Chapter 13 of the Bankruptcy Code;

IT IS ORDERED that said appeal is dismissed and the order of the bankruptcy court dated December 1, 2006 is affirmed, for the reasons that follow:

1. This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed

questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. Appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code in August 2004.[1] The case was in active litigation for over two years before the order of dismissal issued. (D.I. 17 at B-1 to B-22) The primary focus of dispute in the bankruptcy court related to an ongoing battle between appellant and appellee over the distribution of certain of their marital property[2] in the Family Court of the State of Delaware. Although appellant filed a Chapter 13 Plan in September 2004, the Plan was determined to be not confirmable. Amended Chapter 13 Plans were filed in August 2005 and, again, in July 2006. The bankruptcy court ultimately determined that the real property in dispute should be sold consistent with a Family Court decision and order,

---

[1] Chapter 13 allows individuals the protection of a stay against creditors and the opportunity to obtain a discharge in bankruptcy through the operation of a plan, rather than through liquidation. See 11 U.S.C. §§ 1301 et seq.

[2] Specifically, a farm near Laurel, Delaware.

2

that "[c]omplete and full relief from stay is granted to the parties so that the Family Court may take any and all action it deems appropriate to resolve the equitable distribution action between David J. Buchanan and Barbara H. Buchanan and to permit execution and distribution on any orders or judgments entered therein," and dismissing appellant's Chapter 13 case with prejudice. (D.I. 17 at B-26 to B-48, B-86 to B-87)

      3. It is apparent from the record that the bankruptcy court appropriately allowed the Family Court to address the issues that the parties to this appeal had with respect to distribution of marital property. It is equally clear that the bankruptcy court provided appellant with every opportunity to benefit from the protection afforded under Chapter 13. Finally, it is apparent that appellant's appeal is more about the results of the Family Court proceedings than it is about his Chapter 13 case. (See D.I. 15 at 1-4) For all of these reasons, the court finds no error in the decision of the bankruptcy court at issue.

                                                                             _____
                                                                        United States District Judge