IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| DAVID J. BUCHANAN, | ) | Bk. No. 04-12419(JKF) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-34-SLR |
| | ) | |
| BARBARA BUCHANAN, | ) | |
| | ) | |
| Appellee. | ) | |

**O R D E R**

At Wilmington this 30th day of May, 2008, having reviewed appellant's pending motions;

IT IS ORDERED that the motion to re-open the case (D.I. 35) is **denied** and the motion for appointment of counsel (D.I. 38) is **denied** as **moot**, for the reasons that follow:

1. On September 26, 2007, the court dismissed the appeal and affirmed the order of the bankruptcy court dated December 1, 2006. (D.I.34) This case, and a civil action filed by appellant, Buchanan v. Gay, Civ. No. 06-711-SLR, focuses on actions taken in Bankruptcy Court, Family Court, and the Delaware Supreme Court during divorce, custody, visitation, and property settlement proceedings between appellant, his former spouse, and virtually anyone connected to the litigation. As this court noted, "it is apparent that appellant's appeal is more about the results of the Family Court

proceedings than it is about his Chapter 13 case." (D.I. 34)

2. While difficult to discern, it appears appellant relies upon a 1997 District of Wyoming bankruptcy case, Wyoming Dep't of Transp. v. Straight, 209 B.R. 540, 551 (D. Wyo. 1997), that discusses the issue of Eleventh Amendment immunity to support the re-opening of the case. Appellant argues that the court considered immunity prior to having an opportunity to respond to all arguments raised by appellee inasmuch as the bankruptcy case did not close until November 2, 2007.

3. Rule 60 provides for relief from a judgment or order. It provides that a party may file a motion for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

4. Appellant's argument for re-opening the case is specious. Notably, appellant fails to meet any of the requisites for relief under Rule 60(b). Moreover, he relies on non-precedential case law and, in this Circuit, there has been no change in the law on Eleventh Amendment immunity. Finally, the bankruptcy court did not err in its decision, its December 1, 2006 order was affirmed, and the appeal dismissed. The court also

denies, as moot, appellant's motion for appointment of counsel.

                                                                             /s/ Sue L. Robinson
                                                                             UNITED STATES DISTRICT JUDGE